# United States Tax Court

T.C. Summary Opinion 2023-2

ASHENAFI GETACHEW MULU,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 12975-21S.                    Filed January 25, 2023.

————

*Temple Keith Fogg*, *Elizabeth W. Segovis*, Alejandro Rodriguez (student), and Charlotte Schmidt (student), for petitioner.

*Erika B. Cormier*, *Xheni D. Gallagher*, and *Michael E. D'Anello*, for respondent.

## SUMMARY OPINION

LEYDEN, *Special Trial Judge*:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code[1] in effect when the Petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

---

[1] Unless otherwise indicated, all statutory references are to the Internal Revenue Code, Title 26 U.S.C., in effect at all relevant times, all regulation references are to the Code of Federal Regulations, Title 26 (Treas. Reg.), in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

The Internal Revenue Service (IRS)[2] examined petitioner's 2018 federal income tax return. The IRS issued a notice of deficiency dated February 2, 2021, and determined a deficiency of $11,688 and a section 6662(a) accuracy-related penalty of $2,337.60 for 2018. Petitioner timely filed a Petition for redetermination pursuant to section 6213(a).

After concessions, the sole issue for decision is whether for 2018 petitioner is liable for a section 6662(a) accuracy-related penalty of $1,212.20. The Court finds for respondent on this issue.

## *Background*

Some of the facts have been stipulated and are so found. The Stipulation of Facts and the accompanying Exhibits are incorporated herein by this reference, except for paragraphs 30, 31, 32, and 33.[3]

Petitioner resided in Massachusetts when he timely filed the Petition.

I.  *Petitioner's 2018 Tax Return*

Petitioner hired David Clerie to prepare his 2018 federal income tax return. Friends and family in the Ethiopian immigrant community, who were happy with the amounts of the refunds they received and how quickly they received them, recommended Mr. Clerie to petitioner. Mr. Clerie prepared petitioner's tax returns for at least four years. Mr. Clerie referred to himself as "Dave, Tax Doctor."

Mr. Clerie did not have a preparer tax identification number (PTIN),[4] and the 2018 federal income tax return was electronically

---

[2] The Court uses the term "Internal Revenue Service" or "IRS" to refer to administrative actions taken outside of these proceedings. The Court uses the term "respondent" to refer to the Commissioner of Internal Revenue, who is the head of the IRS and is respondent in this case, and to refer to actions taken in connection with this case.

[3] Respondent objected to paragraphs 30, 31, 32, and 33, and the Court ruled that these paragraphs were inadmissible on the ground of relevancy under Rules 401 and 402 of the Federal Rules of Evidence.

[4] A PTIN is a required credential from anyone who prepares or assists in preparing federal tax returns for compensation. Treas. Reg. § 1.6109-2. However, many individuals prepare federal income tax returns without obtaining the PTIN. *See* Nat'l Taxpayer Advoc., *National Taxpayer Advocate 2022 Purple Book: Compilation of Legislative Recommendations to Strengthen Taxpayer Rights and Improve Tax*

submitted as though it had been self-prepared by petitioner. Petitioner has always relied on a paid preparer to prepare his tax returns. Petitioner's other federal income tax returns that Mr. Clerie prepared also were submitted to the IRS as though they had been self-prepared by petitioner. Petitioner had timely filed his past tax returns, and they had never been examined by the IRS.

In 2017 petitioner purchased a house. Mr. Clerie advised petitioner to renovate the house for the purpose of renting the second and third floors to pay for the cost of the purchase. Petitioner began renting out the second and third floors of the house during 2018. This house was petitioner's first real estate purchase.

Mr. Clerie visited petitioner's workplace in February 2019 to gather information to prepare his 2018 tax return and asked him questions, including questions about the house he purchased and whether he was renting and fixing it. Mr. Clerie also requested petitioner's documents, including his Form W–2, Wage and Tax Statement, and Form 1099. Petitioner answered the questions and provided Mr. Clerie with his documents.

Petitioner's 2018 federal income tax return prepared by Mr. Clerie claimed deductions and reported expenses related to the purchase of the house and costs incurred with respect to the rental of the second and third floors. With respect to his real estate petitioner claimed passive activity losses on Form 8582, Passive Activity Loss Limitations, and deductions on Schedule E, Supplemental Income and Loss, that were related to the purchase of the house. However, petitioner substantiated only $9,500 in repairs and conceded the remainder. Petitioner also claimed deductions for car and truck expenses on Schedule C, Profit or Loss From Business, and reported his principal business or profession as a "driver," in part because he used his vehicle to drive his parents and others in his community to church and to commute to his jobs. Petitioner concedes he is not entitled to those deductions.

During the 2018 tax year petitioner worked as a pharmacist. However, the 2018 return prepared by Mr. Clerie listed petitioner's occupation as "Laborer."

---

*Administration* 9 (2021) ("Authorize the IRS to Establish Minimum Competency Standards for Federal Tax Return Preparers").

II.     *Petitioner's Filing of His 2018 Tax Return*

Petitioner became concerned when he had not received a copy of his 2018 federal income tax return and the time for filing was approaching. He decided to check whether it was filed. Petitioner made many efforts to obtain a copy of his return from Mr. Clerie. Ultimately, he drove to Mr. Clerie's home.

At Mr. Clerie's home he met Mr. Motoban, who told petitioner he was Mr. Clerie's brother. Petitioner had never met Mr. Motoban. Mr. Motoban told petitioner that Mr. Clerie had passed away on March 8, 2019. Mr. Motoban also told petitioner that he was handling Mr. Clerie's tax return and tax return preparation business. Petitioner did not ask Mr. Motoban questions to determine whether Mr. Motoban was qualified to file his tax return or to handle Mr. Clerie's tax return and preparation business.

Petitioner agreed to have Mr. Motoban file his 2018 federal tax return. Mr. Motoban informed petitioner that his return had been prepared and e-filed using FreeTaxUSA tax preparation software. Petitioner did not review the tax return before it was e-filed. He subsequently learned that Mr. Motoban is not Mr. Clerie's brother and that Mr. Motoban does not have a PTIN.

III.    *IRS Correspondence*

The IRS sent petitioner a Letter 3572, dated December 23, 2019, that informed him that the IRS was examining his 2018 tax return. That letter also requested that petitioner call for an appointment and listed the items on his return that the IRS was examining. Although the letter was addressed to petitioner's correct address, he did not receive it and thus, he did not respond to it.

The IRS subsequently sent petitioner Letter 915, Examination Report Transmittal, signed by a group manager, along with Form 4549, Report of Income Tax Examination Changes, dated February 4, 2020. Also on February 4, 2020, the immediate supervisor of the IRS examiner who determined an accuracy-related penalty for petitioner's 2018 tax year signed a Civil Penalty Lead Sheet and Civil Penalty Approval Form, personally approving of the penalty in writing.

Petitioner subsequently received a notice of deficiency, dated February 2, 2021, for tax year 2018. After receiving the notice of deficiency, petitioner filed a Petition with the Court. After filing the

Petition, petitioner received a contact letter from the IRS Appeals officer (AO) assigned to the case.[5] Petitioner and the AO discussed the case, but they could not reach a settlement. Petitioner submitted a copy of a proposed amended 2018 federal income tax return. The amended tax return eliminated the claimed Schedule C deductions but also contained multiple inaccuracies, including listing petitioner's occupation as "General Helper." The person who prepared the proposed amended 2018 federal income tax return did not sign it. Petitioner submitted a copy of that proposed amended tax return to the AO.

## *Discussion*

Section 6662(a) and (b)(2) imposes an accuracy-related penalty equal to 20% of the amount of any underpayment of tax required to be shown on a return that is attributable to any substantial understatement of income tax. An understatement is a "substantial understatement" if it exceeds the greater of $5,000 or 10% of the tax required to be shown on the return. I.R.C. § 6662(d)(1)(A). Respondent has determined the section 6662(a) penalty on the basis of a substantial understatement of income tax.

## I. *Burden of Production*

The Commissioner bears the burden of production with respect to an individual taxpayer's liability for any penalty. I.R.C. § 7491(c); *Higbee v. Commissioner*, 116 T.C. 438, 446–47 (2001). Once the Commissioner meets his burden of production, the taxpayer must come forward with persuasive evidence that the Commissioner's determination is incorrect. *See* Rule 142(a); *Welch v. Helvering*, 290 U.S. 111, 115 (1933).

Substantial understatement penalties generally must be approved in writing by the immediate supervisor of the IRS employee who made the penalty determination. *See* I.R.C. § 6751(b). Respondent has asserted that the stipulated Civil Penalty Lead Sheet and the Civil Penalty Approval Form, each dated February 4, 2020, and signed by the IRS examiner's immediate supervisor on February 4, 2020, meets the

---

[5] On July 1, 2019, the IRS Office of Appeals was renamed the IRS Independent Office of Appeals. *See* Taxpayer First Act, Pub. L. No. 116-25, § 1001, 133 Stat. 981, 983 (2019). We will use the name in effect at the times relevant to this case, i.e., the Office of Appeals or Appeals.

section 6751(b) written supervisory approval requirement. The Court agrees.

Further, the record shows an undisputed understatement of tax, attributable to the Schedule E and Schedule C deductions disallowed by respondent and conceded by petitioner, that meets the definition of a substantial understatement of income tax. *See* I.R.C. § 6662(d). Thus, respondent has met his burden of production with respect to the accuracy-related penalty.

II.    *Reasonable Cause and Good Faith*

Petitioner asserts that he should not be liable for the penalty because he consistently acted with reasonable cause and in good faith. Petitioner claims that he lacks knowledge regarding tax and finance and has always relied on a tax return preparer to prepare his federal income tax returns. He asserts he did not understand the depreciation and expenses of the first and only real property he purchased and renovated upon Mr. Clerie's advice. Rather, he asserts that he was victimized by an unscrupulous return preparer who had been recommended to him by family and friends of the Ethiopian immigrant community.

Respondent contends that petitioner's reliance on Mr. Clerie or Mr. Motoban does not constitute reasonable cause. Respondent further contends that petitioner was a well-educated professional who worked in a complex, detail-oriented field and who should have sufficient knowledge to understand the basics of his 2018 federal income tax return and that he had a duty to review it for accuracy. Respondent contends that the inaccurate listing of petitioner's occupation on his return demonstrates that petitioner did not adequately review it.

A taxpayer may avoid a section 6662(a) penalty by showing that there was reasonable cause for the underpayment and that the taxpayer acted in good faith. I.R.C. § 6664(c)(1). This determination is made on a case-by-case basis, taking into account all pertinent facts and circumstances. Treas. Reg. § 1.6664-4(b)(1); *see Higbee*, 116 T.C. 438. "Relevant factors include the taxpayer's efforts to assess his proper tax liability, including the taxpayer's reasonable and good faith reliance on the advice of a professional such as an accountant." *Higbee*, 116 T.C. at 448–49.

The Court finds that petitioner did not exercise diligence and prudence or good faith because he did not review the 2018 tax return before it was filed. A taxpayer must exercise diligence and prudence in

filing his return. *Stough v. Commissioner*, 144 T.C. 306, 323 (2015). Reasonable cause is not met if a cursory review of a return might have revealed errors. *Walton v. Commissioner*, T.C. Memo. 2021-40, at \*12. A taxpayer has a duty to read and review his return. *Id.* at \*12–13. The record shows that petitioner did not review his return. *See* Trial Tr. 29 ("Q Before he filed the return, did you review it? A I don't know -- I don't know if I say I reviewed, no."). If petitioner had reviewed his return, he would have noticed that his occupation was listed as "Laborer." Petitioner was a pharmacist, and the obvious listing of his occupation as laborer should have prompted him to question the accuracy of the return. Further, given that he was aware that for 2018 he was claiming tax deductions with respect to real estate and had not done so in the past, petitioner was put on notice that he should have reviewed the return with respect to such deductions. Therefore, regardless of whether he understood the rules regarding depreciation or deducting real estate expenses, petitioner had a duty to review the return and exercise prudence before filing it. He did not do so.

Petitioner did not have reasonable cause for the underpayment and did not exercise good faith with respect to his 2018 federal income tax return. Accordingly, petitioner is liable for the accuracy-related penalty for an underpayment due to a substantial understatement of income tax for taxable year 2018.

To reflect the foregoing,

*Decision will be entered for respondent.*